Zimmerman, acting C. J.
Section 2905.34, Revised Code, in its pertinent parts reads as follows:
“No person shall knowingly * * * have in his possession or under his control an obscene, lewd, or lascivious book * * * print [or] picture * * *.
“Whoever violates this section shall be fined not less than *18 two hundred nor more than two thousand dollars or imprisoned not less than one nor more than seven years, or both. ’ ’
On the trial, evidence presented by the state showed that on February 8, 1960, pursuant to a telephone call, the sheriff of Wyandot County went to a farm owned by the defendant’s mother-in-law and located on a county road in Wyandot County some two and one-half to three miles west of the city of Carey. There, in a small barn on the premises, the sheriff found a chained and padlocked automobile trailer belonging to the defendant and admittedly placed there by him. The sheriff cut the chains, opened the trailer and discovered over 19,000 packaged duplicate items wrapped in brown paper sacks and consisting of illustrated pamphlets, photographs and reproductions of photographs and pen-and-ink drawings accompanied by reading matter, most of which material was of the lewdest and most lascivious character — an assorted collection of filth, shocking and repugnant to the average normal individual of any locality; in short, pornography at its very worst.
On the following day,- the defendant was apprehended and charged with the crime defined in Section 2905.34, Revised Code. There were found in his possession keys which fitted the padlocks fastening the chains on the trailer.
Witnesses who lived nearby testified that to their knowledge defendant visited the part of the barn in which the trailer was housed some seven or ten times between November of 1958, when the trailer was placed in the barn, and February of 1960 and remained for periods of from ten to fifteen minutes to an hour. On one occasion, one of the witnesses observed the defendant carrying from the barn a brown colored package resembling and about the size of a shoe box. The defendant told the witness that, upon request, he occasionally sold material contained in the trailer.
In his own defense, defendant testified that he had not placed the chains and padlocks on the trailer and was unaware of the trailer’s contents. He said that he had leased the trailer to another, with the privilege of purchase, and that he, defendant, visited it solely to see whether it was intact and unmolested. Defendant testified further that he secured the keys to the padlocks from the one to whom he had leased the trailer, and that ,sqeh person was then serving ,a term in the Ohio Penitentiary,
*19 The only other witness appearing for the defendant was a medical doctor who was treating the defendant professionally. He testified as to defendant’s poor physical condition due to a heart ailment, hardening of the arteries and other disorders of internal organs. He said further that the defendant was incapable of strenuous physical activity.
It is a well established principle of law that a statute, under one application, may operate unconstitutionally, but, under another and different application, its operation may be perfectly valid. Such was the pronouncement of the Supreme Court of the United States in the cases of Dahnke-Walker Milling Co. v. Bondurant, 257 U. S., 282, 66 L. Ed., 239, 42 S. Ct., 106, second syllabus; and Alabama State Federation of Labor v. McAdory, 325 U. S., 450, 462, 89 L. Ed., 1725, 1735, 65 S. Ct., 1384, 1390. Or, as was held by this court in the first paragraph of the syllabus of State, ex rel. Herbert, v. Ferguson, Aud., 142 Ohio St., 496, 52 N. E. (2d), 980, “where, under one state of facts, the operation of a statute is constitutional, a court will not declare it invalid because under another state of facts, not involved, its operation would be unconstitutional.”
To the same effect, see State, ex rel. Speeth et al., Board of County Commrs., v. Carney, Aud., 163 Ohio St., 159, 126 N. E. (2d), 449.
Here, under the state’s evidence, the deduction is warranted that this large quantity of pornographic material was possessed by defendant with knowledge of its nature, and that it was held for sale and distribution. The situation differs from one where an individual merely possesses material of that kind for his own private purposes.
Therefore, we think the quoted portions of the statute are constitutional and valid as applied to the defendant under the evidence outlined above.
The instant ease is unlike that of Smith v. California, 361 U. S., 147, 4 L. Ed. (2d), 205, 80 S. Ct., 215. That case involved an ordinance of the city of Los Angeles making it unlawful for any person to have in his possession any' obscene or indecent book in any place where books are sold or kept for sale. The court construed the ordinance as fixing strict or absolute criminal liability, without requiring any element of scienter, i. e., knowledge by the defendant bookseller of the contents of the *20 book for the possession of which he was convicted. The majority of the court held that that, ordinance, although directed to obscene matter, violated the constitutionally protected rights of freedom of speech and of the press, because it lacked the element of scienter on the part of the bookseller.
Surely the state in the exercise of its sovereign power may enact and enforce legislation designed to protect its people, particularly the young, inexperienced and unsophicated, from the corrupting and degrading influence of what is plain unmitigated filth.
We are not confronted here with an illegal search and seizure in violation of defendant’s constitutional rights. No objection was made by defendant in the trial court to the introduction of the pornographic material taken from the trailer on that ground, and that there may have been an illegal search and seizure was mentioned only casually in the Court of Appeals. State v. Mapp (U. S.), 6 L. Ed. (2d), 1081, 81 S. Ct., 1684.
The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.

Judgment reversed.

Radcliff, Matthias, Bell and O’Neill, JJ., concur.